[Sac. No. 7797. In Bank. June 27, 1967.]

JOHN MARKLEY, Plaintiff and Respondent, v. CLAUDE A. BEAGLE et al., Defendants, Cross-defendants and Appellants; TRAVER J. SMITH, as Testamentary Trustee, etc., et al., Defendants, Cross-complainants and Appellants.

Rust & Hoffman, David C. Rust, and Ellis J. Horvitz for Defendants, Cross-complainants and Appellants.

McGregor, Bullen & McKone, McGregor, Bullen & Erich and George W. Bullen for Defendants, Cross-defendants and Appellants.

Lancaster & Yorton and Burt Lancaster for Plaintiff and Respondent.

TRAYNOR, C. J.—Plaintiff was injured when a railing along a mezzanine in a warehouse gave way and he fell to the floor below. At the time of the accident he was going to the roof of the building to service a fan of the ventilating system of a restaurant on the ground floor. About ten months before the accident, the owners of the building sold certain equipment to contractors who agreed to remove it from the building in a workmanlike manner. The equipment included bins that had been built around the guardrail on the mezzanine from which plaintiff fell.

Plaintiff brought this action against the contractors and the owners to recover damages for his personal injuries. He alleged that the contractors negligently created the dangerous condition of the railing in removing the bins and that the owners negligently failed to inspect the premises and to either correct the condition or warn plaintiff of the danger. The owners cross-complained against the contractors for indemnity in the event plaintiff should recover a judgment against them. The jury returned verdicts in favor of plaintiff against the owners and contractors on the complaint and in favor of the owners against the contractors on the cross-complaint. The trial court entered judgments on the verdicts. The owners and the contractors appeal from the judgments against them and from an order denying their motions for a new trial. The contractors also appeal from an order denying their motion for judgment notwithstanding the verdict on the cross-complaint. The appeals from the order denying the motions for new trial must be dismissed. (Code Civ. Proc., § 963; *Rodriguez* v. *Barnett,* 52 Cal.2d 154, 156 [338 P.2d 907].)

The evidence is sufficient to support the verdict in favor of plaintiff. The jury could reasonably conclude that in removing the bins the contractors were negligent, either in depriving the railing of support necessary to make it safe or in removing the railing and then replacing it improperly. Plaintiff was an employee of an independent contractor engaged by the tenant who operated the restaurant to service the ventilating system. He was therefore a business invitee of the owners to whom they owed a duty of reasonable care. They knew or should have known that he would use the mezzanine to get to the fan on the roof, and the jury could reasonably conclude that after the removal of the bins, the

owners were negligent in failing to discover the dangerous condition of the railing and to either correct it or adequately warn plaintiff of it.

Both the contractors and the owners contend that the combination of plaintiff's closing argument on the issue of loss of future earnings and the trial court's instruction on special damages resulted in prejudicial error.

■ Plaintiff's medical expert testified to his estimate of plaintiff's loss of future earning capacity, and in his argument plaintiff's counsel urged the jury to accept the expert's estimate. After instructing with respect to past and future medical expenses and past and future loss of earning capacity, the court instructed that ''Any of the elements of damages thus far specifically mentioned can be proved by evidence which, if believed, fixes the amount precisely or places it within precise limits, or gives you adequate information to enable you to fix the loss with a reasonable degree of certainty.'' Defendants contend that this instruction in effect told the jury that the expert's estimate of future loss of earning capacity was precise evidence and therefore misled the jury into accepting plaintiff's argument that it should accept the expert's estimate. There is no merit in this contention. The expert's estimate provided a reasonable basis for determining plaintiff's future loss of earning capacity (see *Connolly* v. *Pre-Mixed Concrete Co.*, 49 Cal.2d 483, 489 [319 P.2d 343]), and there is no reason to conclude that the instruction misled the jury into believing that the expert's estimate was deemed by the court to be precise. Thus, the instruction concluded with the clearly stated alternative that the evidence need merely be adequate to enable the jury to fix the loss ''with a reasonable degree of certainty.''

■ The owners contend that the court erred in instructing the jury that safety orders governing railings issued pursuant to the Labor Code were applicable to them. ■ The term ''employer'' as used in the safety provisions of the Labor Code is defined to include ''every person having direction, management, control, or custody of any employment, place of employment, or any employee.'' (Lab. Code, § 6304.) An employer-employee relationship between the person injured and the owner of a place of employment is not essential for application of the Labor Code. (*Porter* v. *Montgomery Ward & Co.*, 48 Cal.2d 846, 847-849 [313 P.2d 854].) ■ In the present case plaintiff was injured in a place of employment provided by the owners to permit servicing of their

tenant's equipment, and the injury resulted from a condition existing after the contractors had finished working on the premises. Under these circumstances, there is no basis for limiting the owners' responsibility to comply with the safety orders (cf., *Woolen* v. *Aerojet General Corp.*, 57 Cal.2d 407, 412-413 [20 Cal.Rptr. 12, 369 P.2d 708]; *Kuntz* v. *Del E. Webb Constr. Co.*, 57 Cal.2d 100, 106 [18 Cal.Rptr. 527, 368 P.2d 127]), and the trial court did not err in instructing the jury with respect to those orders.

The contractors contend that the trial court erred in admitting into evidence a statement made by Hood, one of their employees, to an investigator representing plaintiff. Hood was one of the workmen who participated in removing the bins from the warehouse. He stated to the investigator that the workmen had removed and reinstalled the guardrail along the mezzanine from which plaintiff fell. He made the statement after his employment with the contractors had terminated. It was offered in evidence by the owners over the contractors' objection.

Since Hood's statement was made almost a year after the accident happened when he was no longer employed by the contractors, it was not admissible as a spontaneous declaration (see *Dillon* v. *Wallace*, 148 Cal.App.2d 447, 451-452 [306 P.2d 1044]) or a vicarious admission within the scope of his employment. (See Code Civ. Proc., § 1870, subd. 5; Evid. Code, § 1222.) Nor was it admissible as a declaration against interest, for Hood in no way admitted that he was negligent or even stated just what he did, if anything, in removing and replacing the railing.[1]

Plaintiff contends, however, that the statement was admissible under former Code of Civil Procedure, section 1851, which provided: "And where the question in dispute between the parties is the obligation or duty of a third person,

---

[1]The admissibility of declarations against interest is now governed by section 1230 of the Evidence Code, which provides: "Evidence of a statement by a declarant having sufficient knowledge of the subject is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and the statement, when made, was so far contrary to the declarant's pecuniary or proprietary interest, or so far subjected him to the risk of civil or criminal liability, or so far tended to render invalid a claim by him against another, or created such a risk of making him an object of hatred, ridicule, or social disgrace in the community, that a reasonable man in his position would not have made the statement unless he believed it to be true." Although this section was not applicable to the trial in this case, which occurred before January 1, 1967 (Evid. Code, § 12), the comment of the Assembly Committee on Judiciary points out

whatever would be the evidence for or against such person is prima facie evidence between the parties." (This provision has been recodified in Evidence Code, sections 1224 and 1302.) He asserts that his cause of action against the contractors was based in part on Hood's negligence in performing the work, that Hood's responsibility for such negligence is an obligation or duty of a third person, and that Hood's statement would be admissible as an admission in an action against Hood even though it did not qualify as a declaration against interest. (See former Code Civ. Proc., § 1870, subd. 2; Evid. Code, § 1220; 4 Wigmore, Evidence (3d ed. 1940) § 1048, p. 4.) He concludes that Hood's statement is therefore admissible under section 1851 against his employers. Similar reasoning may be advanced to sustain the admissibility of Hood's statement in the owners' action for indemnity against the contractors, for the duty to indemnify, just as the liability to plaintiff, might arise from Hood's negligence in performing the work.

We have found no case involving liability based on *respondeat superior* in which section 1851 has been applied or discussed. It has frequently been applied in actions against sureties or guarantors to permit the introduction into evidence of out-of-court statements of the defaulting party. (See, e.g., *Butte County* v. *Morgan,* 76 Cal. 1, 5 [18 P. 115]; *Nye & Nissen, Inc.* v. *Central etc. Ins. Corp.,* 71 Cal.App.2d 570, 576 [163 P.2d 100]; *Standard Oil Co.* v. *Houser,* 101 Cal.App.2d 480, 489 [225 P.2d 539].) It has also been applied to sustain the admissibility of a judgment against a corporation in an action to enforce a stockholder's statutory liability (*Ellsworth* v. *Bradford,* 186 Cal. 316, 325 [199 P. 335]); of an admission of embezzlement by an employee in an action on his employer's indemnity bond (see *Piggly Wiggly Yuma Co.* v. *New York Indemnity Co.,* 116 Cal.App. 541, 542 [3 P.2d 15]); of an admission of receipt of summons by a judgment debtor in an action against his insurer based on a default judgment against the judgment debtor (*Langley* v. *Zurich General Acc. & Liab. Ins. Co.,* 219 Cal. 101, 104 [25 P.2d 418]); of a declaratory judgment fixing the rights of two

that "Except for the requirement that the declarant be shown to be unavailable as a witness, Section 1230 codifies the hearsay exception for declarations against interest as that exception has been developed by the California courts (*People* v. *Spriggs,* 60 Cal.2d 868, 36 Cal.Rptr. 841, 389 P.2d 377 (1964)) and possibly expands that exception." Even if Hood was available as a witness, since his statement was not against interest under section 1230, it was also not against interest under the law applicable at the time of trial.

joint venturers in an action by one of them against the other's attorney for conversion of funds of the venture (*Miller* v. *Rau*, 216 Cal.App.2d 68, 78 [30 Cal.Rptr. 612]); and of the admission of one joint owner of an automobile, in an action against the other joint owner under the financial responsibility laws, that she had given the driver permission to drive (*Ingram* v. *Bob Jaffe Co.*, 139 Cal.App.2d 193, 198 [293 P.2d 132]).

The language of section 1851 is susceptible of an interpretation that would make the statement of an employee admissible in an action based on *respondeat superior* against his employer, and some commentators have urged that the principle of the foregoing cases supports such an interpretation. (Tentative Recommendation and a Study Relating to the Uniform Rules of Evidence (Art. VIII, Hearsay Evidence), 6 Cal. Law Revision Com. Rep., Appendix, pp. 495-496 (1964).) We are convinced, however, that the failure of any case to consider that possibility was not the result of oversight, but reflected a tacit understanding that section 1851 did not change the settled and apparently universally followed rule that hearsay statements of an agent or employee not otherwise admissible against the principal or employer are not made admissible merely because they may tend to prove negligence of the agent or employee that may be imputed to the principal or employer under the doctrine of *respondeat superior*. (*Miller* v. *Anson-Smith Constr. Co.*, 185 Cal.App.2d 161, 166 [8 Cal. Rptr. 131]; *Bridges* v. *County of Los Angeles*, 131 Cal.App. 2d 151, 154 [280 P.2d 76]; *West Coast Life Ins. Co.* v. *Crawford*, 58 Cal.App.2d 771, 785 [138 P.2d 384]; *Taylor* v. *Bernheim*, 58 Cal.App. 404, 409, 410 [209 P. 55]; *Herman Waldeck & Co.* v. *Pacific Coast S.S. Co.*, 2 Cal.App. 167, 169 [83 P. 158]; see *Converse* v. *Blumrich*, 14 Mich. 109, 122 [90 Am. Dec. 230] ["The rule that would allow an agent, after a transaction is closed, to admit away the rights of his principal, would be too dangerous to be tolerated for a moment [citing cases]"]; see 19 Cal.Jur.2d, Evidence, § 433; 1 R.C.L. 510, § 50; 75 A.L.R. 1534.)

In referring to the "question in dispute" as being "the obligation or duty of a third person," we believe the statute contemplated those situations in which such an obligation or duty was an essential operative fact in establishing the cause of action or defense involved. Such situations may arise when the declarant and the party have a privity of interest in the property involved (see *Ingram* v. *Bob Jaffe Co.*, *supra*, 139

Cal.App.2d 193, 198) or the party is one who has assumed responsibility for the obligations of the declarant, such as a guarantor, surety, or insurer, or one, such as a shareholder, made liable by statute for his corporation's debts. As Wigmore states: ''So far as one person is privy in obligation with another, *i.e.* is liable to be affected in his obligation under the substantive law by the acts of the other, there is equal reason for receiving against him such admissions of the other as furnish evidence of the act which charges them equally.'' (4 Wigmore, Evidence (3d ed. 1940) § 1077, p. 118.) He points out that ''the admissions of a person having virtually the same interests . . . and the motive and means for obtaining knowledge will in general be likely to be equally worthy of consideration'' as the admissions of the party himself.

■ These reasons for extending vicarious liability from the substantive obligation involved to the admissibility of evidence to prove that obligation break down, however, in the case of an ordinary negligence action against an employer whose liability may or may not turn on the negligence of any particular employee or ex-employee who has given hearsay statements about the work out of which an accident arose. Unless such statements qualify as spontaneous declarations, were made within the scope of the employment, or are so damaging as to be admissible as declarations against interest, there is no basis for an assumption of reliability that would justify dispensing with the oath and cross-examination. In the present case, for example, the very vagueness of Hood's description of the work, which was given to plaintiff's investigator very largely in answer to leading questions, demonstrates how essential to fair elucidation it may be that the evidence be secured only by deposition or at trial. ■ We conclude that the terms ''obligation or duty'' in former section 1851 and ''liability, obligation, or duty'' in Evidence Code sections 1224 and 1302 do not include tort liabilities of employees that are imputed to their employers under the doctrine of *respondeat superior*. ■ Moreover, since any liability of Hood would only become a ''question in dispute'' in the owners' action for indemnity against the contractors if it was imputable to the contractors under the doctrine of *respondeat superior*, any such liability of Hood is also not a ''liability, obligation, or duty'' within the meanings of the statutes in the owners' indemnity action.

■ The error was not prejudicial to the owners, for Hood's statement tended to place responsibility on the con-

tractors for creating the dangerous condition of the railing and had no bearing on whether the owners should have discovered that condition. Moreover, since the owners offered the statement in evidence, they in no event could complain of the trial court's ruling. The error was prejudicial to the contractors, however, both as to the judgment in favor of plaintiff and the judgment in favor of the owners. There is a direct conflict in the evidence whether, in removing the bins, the contractors in any way changed the condition of the railing and whether the bins had served to hold the railing in place. Although only the owners offered Hood's statement in evidence, plaintiff urged its admissibility and relied upon it in his argument to the jury to establish the contractors' liability. We conclude that had Hood's statement been excluded, there is a reasonable probability that the jury would have exonerated the contractors from responsibility for the accident, both to plaintiff on his complaint and to the owners on their cross-complaint. (Cal. Const., art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

The contractors contend that the trial court erred in denying their motion for judgment notwithstanding the verdict on the cross-complaint on the ground that their contract with the owners precludes any duty to indemnify the owners under the facts of this case.

The contract provides that ''Contractor agrees to commence said removal and demolition work immediately, and to cause said removal and demolition work to progress in a diligent and workmanlike manner. . . . Contractor shall use due diligence to protect the property of the owner in the performance of the agreed work and will carry adequate public liability insurance and property damage insurance to protect the Owner and will hold Owner harmless and defend Owner in any suit at law for damages which might arise in connection with the agreed work.''

Since the parties expressly contracted with respect to the contractors' duty to indemnify the owners, the extent of that duty must be determined from the contract and not from the independent doctrine of equitable indemnity. (See *City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127, 130-138 [330 P.2d 802] ; cf. *Horn & Barker, Inc.* v. *Macco Corp.,* 228 Cal.App.2d 96, 101 [39 Cal.Rptr. 320] ; *Pierce* v. *Turner,* 205 Cal.App.2d 264, 267-268 [23 Cal.Rptr. 115] ; *American Can Co.* v. *City & County of San Francisco,* 202 Cal.App.2d 520,

525 [21 Cal.Rptr. 33].) In the absence of conflicting extrinsic evidence the interpretation of the contract is a question for the court. (*Parsons* v. *Bristol Development Co.,* 62 Cal.2d 861, 864 [44 Cal.Rptr. 767, 402 P.2d 839].)

 The contractors contend that their agreement to indemnify the owners was limited to causes of action arising while the work was in progress and excluded causes of action arising thereafter. There is no merit in this contention, for the contract refers to ''any suit at law for damages which might arise in connection with the agreed work.'' There is no basis for concluding that this clause does not mean what it says or that the parties were concerned with ''when'' rather than ''how'' a cause of action for damages might arise. Had they so intended, it would have been a simple matter to provide that the cause of action ''arise in connection with *and during* the agreed work.''

An indemnity clause phrased in general terms will not be interpreted, however, to provide indemnity for consequences resulting from the indemnitee's own actively negligent acts. (*Goldman* v. *Ecco-Phoenix Elec. Corp.,* 62 Cal.2d 40, 44-45 [41 Cal.Rptr. 73, 396 P.2d 377]; *Vinnell Co.* v. *Pacific Elec. Ry. Co.,* 52 Cal.2d 411, 415 [340 P.2d 604].) Mere nonfeasance, however, such as a negligent failure to discover a dangerous condition arising from the work will not preclude indemnity under a general clause such as the one in this case. (*Harvey Machine Co.* v. *Hatzel & Buehler, Inc.,* 54 Cal.2d 445, 448-449 [6 Cal.Rptr. 284, 353 P.2d 924]; *Baldwin Contracting Co.* v. *Winston Steel Works, Inc.,* 236 Cal.App.2d 565, 571-573 [46 Cal.Rptr. 421]; *Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.,* 202 Cal.App.2d 99, 111-113 [20 Cal.Rptr. 820].) Since there was substantial evidence that plaintiff's cause of action arose in connection with the work performed by the contractors and that the negligence of the owners was passive rather than active, the trial court did not err in denying the contractors' motion for judgment notwithstanding the verdict.

The part of the judgment on the complaint in favor of plaintiff and against the owners is affirmed. The part of the judgment on the complaint in favor of plaintiff and against the contractors is reversed. The judgment for the owners on the cross-complaint is reversed. The order denying the motion for judgment notwithstanding the verdict is affirmed. The appeals from the order denying the motions for new trial are dismissed. Plaintiff shall recover costs against the owners on

the owners' appeal from the judgment for plaintiff. The parties shall bear their own costs on the other appeals.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J. and Sullivan, J., concurred.