[Civ. No. 26305. First Dist., Div. Three. Oct. 6, 1970.]

FORN LABIS, Plaintiff and Respondent, v.
ELWOOD T. STOPPER et al., Defendants and Appellants.

COUNSEL

Ellwood Hoskins for Defendants and Appellants.

Thomas L. Bocci for Plaintiff and Respondent.

OPINION

**DRAPER, P. J.**—The principal issue on this appeal is the admissibility of testimony of a police officer that he interviewed the foreman and two painters who made up the crew employed by defendants on this job, and that one of the two workmen, whose names the officer did not secure, said he had moved a canvas drop cloth "but he didn't realize anybody was standing on it at the time." This conversation with the officer occurred some three hours after plaintiff, a passerby, who walked upon the cloth and fell, was injured. The officer's testimony was admitted over objection by defendants. Following judgment on a jury verdict for plaintiff, defendants appealed. They assert admission of this evidence as reversible error.

The liability of defendant painting contractor "is based . . . upon the liability, obligation, or duty" of the painter he employed, who was the declarant of the statement quoted by the officer. Clearly the statement, if made by defendant employer, would be admissible against him. Hence, the code (Evid. Code, § 1224) on its face renders the declaration of the painter admissible against defendant employer.

This apparent applicability of section 1224, however, is brought into question by a decision (*Markley* v. *Beagle,* 66 Cal.2d 951 [59 Cal.Rptr. 809, 429 P.2d 129]) not cited by appellant. The *Markley* trial had occurred before the effective date of the Evidence Code, and thus the admissibility of evidence was governed by former Code of Civil Procedure provisions (see Evid. Code, § 12). Nonetheless, some language of *Markley* (see 66 Cal.2d at p. 960) purports to exclude from the new, as well as the old, provision "tort

liabilities of employees that are imputed to their employers under the doctrine of *respondeat superior*."

There are, however, facts in that case which we feel distinguish it from the case at bench. In *Markley*, the employee did not purport to give any detail of the manner or method of his performance of the work. He said only that his employer had removed and reinstalled the railing there in issue. The court commented (p. 960) on "the very vagueness of Hood's description of the work." The statement was made to a private investigator for plaintiff. The employee's statement was made about a year after the accident happened, and after his employment by defendants had ceased.

In the case at bench, the statement related a specific and detailed act by the employee. It recited only that act, and not the frequent conclusion that "It was my fault," or "I was wrong." It was made to a police officer acting in the discharge of his public duty to investigate accidents. It was made some three hours after the accident, on the same day, and when declarant's employment by defendant continued upon the very job here involved.

We conclude that it would be an unfair extension of the true rule of *Markley* to broaden its language beyond its holding and apply it to reverse the judgment in the case before us. Accordingly, we hold that on the facts of the case at bench, the statute (Evid. Code, § 1224) applies to the statement of the employee to the investigating police officer, and renders it proper evidence, as an admission, against defendant employer.

Detailed review of the record shows the lack of merit in appellants' contention that the evidence was insufficient to sustain the verdict.

The order denying new trial is not appealable, and the appeal therefrom is dismissed. The judgment is affirmed.

Brown (H. C.), J., and Caldecott, J., concurred.