Harjit Kaur SINGH, Plaintiff,

v.

JOHN GARGAS LANDSLIDE REPAIRS, John Gargas, an individual, Thomas McKeown, an individual, Defendants.

JOHN GARGAS LANDSLIDE RE-PAIRS, John Gargas, an individual, Third-Party Plaintiff,

v.

Tom McKEOWN and Richard Schweitzer, Third-Party Defendants.

No. CV 81 5523–AAH(KX).

United States District Court, C.D. California.

July 31, 1984.

Breidenbach, Swainston, Yokaitis & Crispo by Thomas C. Corless, Los Angeles, Cal., for plaintiff Harjit Kaur Singh.

Hast & Sabatasse by Gary S. Soter, Van Nuys, Cal., for defendant and third party defendants Tom McKeown and Richard Schweitzer.

Ostrove, Krantz & Ostrove by David Krantz, Los Angeles, Cal., for defendant and third party plaintiff, John Gargas Landslide Repairs/John Gargas.

## JUDGMENT ON THIRD–PARTY COMPLAINT DENYING INDEMNIFICATION

HAUK, Senior District Judge.

The jury herein having returned its verdict of 100% liability against defendant Gargas in favor of plaintiff Harjit Kaur Singh, assessing damages in the sum of $9,800.00, judgment having been entered by the Court on June 15, 1984, for said amount in favor of said plaintiff and against said defendant; and

The Court having rendered its Decision (including Findings of Fact and Conclusions of Law) and Order Denying Indemnification on July 31, 1984; and

Good Cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. Defendant Gargas shall take nothing by reason of his Third-Party Complaint and claim for indemnity against Third-Party defendants McKeown and Schweitzer.

2. Each party to the Third-Party Complaint shall bear his own respective attorneys fees and costs in connection with said Third-Party Complaint.

3. The Clerk shall file and enter this Judgment forthwith and serve copies on all counsel of record for all parties herein, including the parties to the Third-Party Complaint.

## DECISION AND ORDER DENYING INDEMNIFICATION

The matter now before the Court presents a question of indemnity between defendant-third party plaintiff, John Gargas/John Gargas Landslide Repairs (hereinafter "Gargas") and third-party defendants Tom McKeown and Richard Schweitzer (hereinafter collectively referred to as "McKeown"), arising out of a construction contract entered into between Gargas and McKeown's agent, Schweitzer on behalf of McKeown. This Court finds, concludes and therefore orders that any and all questions of indemnity should be, and hereby are, determined in favor of McKeown and that the monetary damages of $9,800.00 in the jury verdict rendered against Gargas only, shall be borne entirely by him without indemnification from McKeown.

## BACKGROUND

On June 14, 1984, the trial in this case concluded with a jury verdict for damages in favor of plaintiff Singh and against defendant Gargas only. At the outset of the trial, counsel stipulated that any question of indemnity between third-party plaintiff and third-party defendants would be determined by the Court at the conclusion of the case. After the jury returned its verdict, the Court heard argument from counsel and ordered counsel to file and serve respective points and authorities which the Court has reviewed and considered. Federal jurisdiction existing by reason of diversity of citizenship, the Court's decision in this indemnity dispute necessarily involves the interpretation and application of the laws of the State of California.

## STATEMENT OF FACTS

The underlying action for damages was brought as a result of personal injuries sustained by plaintiff Singh, a citizen of

England, during a visit to the house being rented by her son from McKeown, the owner, through Schweitzer, his agent. Gargas was hired by McKeown to perform landslide repair work directly behind the house, a job which required the use of heavy equipment in order to pull dirt up a steep embankment. During the performance of this repair work, one of the gasoline-powered vehicles was operated in close proximity to several open windows at the rear of the house. As a result, carbon monoxide fumes entered the house and overcame the plaintiff, rendering her unconscious. The jury found that Gargas was negligent in carrying out the repair work in such a manner as to injure the plaintiff, and awarded her damages in the amount of $9,800.00. Gargas seeks indemnity by virtue of the written contract entered into with McKeown dated November 20, 1980, which he asserts obligated McKeown to provide insurance coverage for "any liability by reason of any claim including plaintiff's claim in this lawsuit, resulting from John Gargas' work on said premises." (Third-Party Complaint, ¶ 7). The preprinted contract, supplied and signed by Gargas, and presented to and signed by Schweitzer for McKeown contains a provision which actually states simply:

"Owner to carry fire, tornado and other necessary insurance."

Gargas now argues that this general language gives rise to the specific right of indemnity against McKeown asserted by Gargas in his Third Party Complaint.

## DISCUSSION

■ California Civil Code § 2772 defines "indemnity" as "a contract by which one engages to save another from the legal consequence of the conduct of one of the parties, or of some other person." The California Supreme Court has defined indemnity as "the obligation resting on one party to make good a loss or damage another party has incurred." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 628, 119 Cal.Rptr. 449, 532 P.2d 97 (1975). The obligation to indemnify "may be ex-

pressly provided for by contract ..., may be implied from a contract not expressly mentioning indemnity ..., or it may arise from the equities of particular circumstances." *Id.* (citations omitted).

■ The law is well established in California that "when parties by express contractual provision establish a duty in one party to indemnify another, the extent of that duty must be determined from the contract and not from the independent doctrine of equitable indemnity." *E.L. White, Inc. v. City of Huntington Beach*, 21 Cal.3d 497, 508, 146 Cal.Rptr. 614, 579 P.2d 505 (1978); *Markley v. Beagle*, 66 Cal.2d 951, 961, 59 Cal.Rptr. 809, 429 P.2d 129 (1967).

However, when the provisions of an express contract of indemnity are found to be inapplicable to the situation at hand, the Court may turn to an examination of equitable principles in order to properly allocate the loss among the culpable parties. *E.L. White, Inc. v. City of Huntington Beach, supra*, 21 Cal.3d at 508, 146 Cal.Rptr. 614, 579 P.2d 505.

### 1. Express Indemnity.

Well before the commencement of trial in this action, this Court entered summary judgment in favor of McKeown and against third-party plaintiff Gargas on the First Cause of Action of the Third-Party Complaint for express indemnity. However, because of the Gargas-McKeown stipulation the Court now reconsiders and addresses this issue anew.

California courts have been consistent in maintaining that although a party may provide by agreement for express indemnification against its own negligence, the language of the agreement must be very specific and will be strictly construed against the indemnitee. *Goldman v. Ecco-Phoenix Elec. Corp.*, 62 Cal.2d 40, 44, 41 Cal.Rptr. 73, 396 P.2d 377 (1964); *Armco Steel Corp. v. Roy H. Co.*, 103 Cal.App.3d 929, 934, 163 Cal.Rptr. 330 (1980).

■ A "general" indemnity clause (one which does not specifically address the is-

sue of an indemnitee's negligence) will not be interpreted to provide indemnity if the indemnitee has been actively, as opposed to passively, negligent. *Markley v. Beagle, supra,* 66 Cal.2d at 962, 59 Cal.Rptr. 809, 429 P.2d 129.

■ Furthermore, Section 2782 of the California Civil Code places an additional limitation on the promissee's right to receive indemnification by prohibiting construction contracts which purport to provide indemnity for "loss, damage or expense arising from the "sole negligence or willful misconduct of the promissee." Hence, in order for Gargas to be entitled to express indemnity, the agreement between the parties would have had to specifically address the issue of Gargas' negligence, and further, McKeown must have been found negligent in part. Since the jury found Gargas 100% responsible for plaintiff's injuries, Gargas is statutorily barred from seeking express indemnity from McKeown, and must place his reliance upon the equitable doctrine of implied indemnity.

## 2. *Equitable Implied Indemnity.*

■ Equitable indemnity, as noted by the court in *Rossmoor, supra,* may be implied either from a contract not expressly mentioning indemnity, or may be based on purely equitable non-contractual considerations. 13 Cal.3d 622, 628, 119 Cal.Rptr. 449, 532 P.2d 97 (1975).

■ Addressing the latter first, an examination of prior cases dealing with what has been termed "implied equitable indemnity" mandates the conclusion that Gargas has clearly failed to meet the two-pronged test required by the California courts in order to be entitled to indemnification on a purely equitable basis. "Such indemnification requires an indemnity claimant to prove that (1) the damages sought to be shifted were imposed as a result of a legal obligation owed to the injured party, and (2) the indemnity claimant did not actively or affirmatively participate in the wrongdoing." *People ex. rel. Dept. Pub. Wks. v. Daly City Scavenger Co.,* 19 Cal.App.3d 277, 281, 96 Cal.Rptr. 669 (1971) and cases cited therein.

Hence, as matter of law the affirmative participation (100%) of Gargas in the wrongdoing precludes him from recovering from McKeown. *See People, supra,* at 282, 96 Cal.Rptr. 669.

Turning now to the question of equitable indemnity implied from a contract, the Court determines that Gargas is not entitled to indemnification from McKeown based on this theoretical basis. In his points and authorities, Gargas has argued that the phrase "Owner to carry fire, tornado and other necessary insurance" was intended by the parties to impliedly cover *any* liability found against Gargas arising out of his work on McKeown's property. It is Gargas' contention that the price set in the construction agreement entered into between the parties took into consideration that the cost of insurance would be borne by McKeown rather than by Gargas.

Common sense dictates that where one is precluded as a matter of law from seeking express contractual indemnity, one may not assert a valid claim for equitable implied contractual indemnity based on the same contractual provision. To rule otherwise would serve to emasculate the law promulgated by the California Legislature in Civil Code § 2782, which prohibits contractual provisions for indemnity of a solely negligent tortfeasor. See discussion, *supra.*

The Court necessarily, therefore, concludes that Gargas is not entitled to any indemnity whatsoever, whether express or implied, whether based on contract or purely equitable considerations.

Furthermore, the Court finds no basis for the award of attorneys' fees or costs, which therefore must be borne by the respective parties in litigating this indemnity issue.

IT IS SO ORDERED, and the Clerk is hereby directed to file and enter this Decision and Order Denying Indemnification, which pursuant to Rule 52 F.R.Civ.P., shall constitute findings of fact and conclusions of law, and serve copies hereof on all coun-

sel of record of all parties, including the parties to the Third-Party Complaint.