Filed 3/11/14  County of Los Angeles v. Aurora Las Encinas CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| COUNTY OF LOS ANGELES et al., | B245649 |
| Cross-complainants and Appellants, | (Los Angeles County Super. Ct. No. GC043433) |
| v. | |
| AURORA LAS ENCINAS, LLC, et al., | |
| Cross-defendants and Respondents. | |

APPEALS from a judgment of the Superior Court of Los Angeles County. Edward Simpson, Judge.  Reversed and remanded with directions.

Collins Collins Muir + Stewart, Tomas A. Guterres, Melinda W. Ebelhar for Cross-complainant and Appellant County of Los Angeles.

Nelson & Fulton, Henry Patrick Nelson, Rina M. Mathevosian for Cross-complainant and Appellant Robert Mier.

Hewitt & Truszkowski, Stephen L. Hewitt, Henry C. Truszkowski, Kevin C. Almeter for Cross-defendants and Respondents.

_____

A hospital agreed to defend and indemnify the County of Los Angeles (the County) and its employees against claims arising from the hospital's acts or omissions while providing medical services to the County. The County invoked this provision after a juvenile detainee receiving care at the hospital sneaked past a sleeping probation officer and raped another patient. The trial court granted summary judgment in favor of the hospital, reasoning that the patient's lawsuit did not arise from any conduct by the hospital but rather arose from the County's failure to supervise the juvenile.

Following de novo review, we reverse. The allegations in the injured patient's complaint show a potential for liability on the part of the hospital, which neglected its duty to provide a safe environment for its patients. Part and parcel of a safe environment is monitoring patients. Because the complaint alleges facts that would, at least potentially, fall within the scope of the indemnity, the duty to defend is triggered regardless of whether the hospital is ultimately found negligent for allowing the attack to occur at its facility.

## FACTS

### The Attack on Connie C.

Fourteen-year-old Connie C. was a patient at Aurora Las Encinas Hospital (the Hospital) on August 2, 2008. Jonathan Aguilar (the Assailant) was also a patient at the Hospital, as a juvenile detainee under the supervision of the Los Angeles County Probation Department. Probation Officer Robert Mier was assigned to monitor the Assailant during the night. The Assailant was supposed to be constantly observed and monitored by a probation officer to prevent his escape from the Hospital.

It is Hospital policy to have eyes on patients' rooms at all times. The Hospital had two employees on duty to monitor the eight-room dormitory where Connie C. and the Assailant were lodged. A nursing supervisor testified that the probation officer "is not responsible for the patient, we are. Once they're here, we're responsible for the patient." Thus, if a juvenile patient leaves his room, it is the nurse's or mental health worker's responsibility to advise the patient to return to his room.

2

Officer Mier fell asleep at around 2:00 or 3:00 a.m. and slept until 5:00 or 6:00 a.m., on a couch in front of the door to the Assailant's room. While Mier slept, the Assailant left his room, entered the room of Connie C., and raped her. The Assailant was criminally charged with forcible rape and oral copulation for his attack on Connie C.

### The Agreement

The Hospital had a Mental Health Services Agreement (the Agreement) with the County to provide services for Medi-Cal recipients. The Agreement was prepared by the County. The Assailant was admitted to the Hospital pursuant to the Agreement.

The Agreement contains an indemnification clause: "Contractor [the Hospital] shall indemnify, defend and hold harmless County, and its . . . employees, and agents from and against any and all liability, including but not limited to demands, claims, actions, fees, costs, and expenses (including attorney and expert witness fees), arising from or connected with Contractor's acts and/or omissions arising from and/or relating to this Agreement."

The Agreement does not specifically address the Hospital's duty to supervise persons in County custody; however, the Hospital admits that the Agreement provides for "twenty-four hour supervision . . . by properly trained personnel." A probation department directive specifies that suicidal juvenile detainees (such as the Assailant) must be supervised by probation officers around the clock while receiving care at a psychiatric facility. A probation staff member must have direct and continuous visual and audio supervision of the minor.

The Agreement requires that the Hospital obtain general liability insurance naming the County and its officers and employees as additional insureds for all activities arising from the Agreement. The Hospital had a liability policy with Lloyds of London.

**PROCEDURAL HISTORY**

The County denied the claim presented by Connie C. In 2009, Connie C. filed suit against the Hospital, the County, and Robert Mier.[1] The County tendered its defense to

---

[1]     Connie C. ultimately dismissed her claims against Mier, with prejudice.

the Hospital several times, starting on January 19, 2010.  The Hospital rejected the tender.  The County and Mier cross-complained against the Hospital, seeking express indemnity and equitable contribution.  The Hospital, in its turn, cross-complained against the County and Mier, seeking equitable contribution and indemnification.

Several summary judgment motions were brought.  In July 2011, the trial court granted the County summary judgment against Connie C. and the Hospital.  The court found that the County is absolutely immune for injuries caused by a prisoner.  The court declined to adjudicate the County's claim for indemnification because "there is a triable issue of material fact whether the fees and expenses incurred in the defense of this action arose out of or were connected to any act or omission" by the Hospital.

The court denied Mier's motion for summary judgment, finding that Mier owed Connie C. a duty of care because "the harm suffered by plaintiff was foreseeable and [ ] a duty was owed by Mier to prevent such harm."  The court also denied summary judgment on Mier's cross-complaint against the Hospital for indemnification because the "language of the indemnity agreement does not explicitly address Mier's active negligence," giving rise to a triable issue of fact as to the obligations of the parties under the Agreement.  The trial court denied the Hospital's attempt to secure summary judgment against Connie C., finding that the Hospital had a duty "to provide a safe environment" while rendering services to its patients.

The County and Mier renewed their motions for summary judgment, arguing that the Hospital has a duty to defend that is separate from any duty to indemnify.  The court denied appellants' second motions, declining to find that the indemnity provision in the Agreement "embraces claims, causes of action, fees, costs and expenses arising from or connected with the active negligence of the County and/or its employees."

The Hospital brought its own motion for summary judgment, arguing that it owed no duty to defend or indemnify the County or Mier.  The Hospital maintained that Connie C.'s claims did not arise from the Hospital's acts or omissions, but rather arose from the County's and Mier's negligent conduct, which is not covered by the Agreement's indemnity clause.  Mier's duty to monitor the Assailant could not be

4

delegated to Hospital staff members. The County countered that because Connie C.'s complaint asserted only one injury against all the defendants, under different theories, the Hospital's duty to defend was triggered, quite apart from its duty to indemnify.

The trial court granted summary judgment for the Hospital in August 2012. It found that the Hospital must defend and indemnify the County and Mier if liability arises from the Hospital's acts or omissions. In this case, the government defendants were sued by Connie C. "based on their own failure to supervise Aguilar after Mier fell asleep." Because the lawsuit did not arise from the Hospital's conduct, it has no responsibility for fees and expenses incurred by the County and Mier. The court entered judgment in favor of the Hospital and against the County and Mier. The County and Mier appeal from the judgment.

## DISCUSSION

### 1. Standard Of Review

Summary judgment is granted if the papers submitted show there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review the trial court's interpretation of the indemnity provision as a question of law, because the parties did not submit extrinsic evidence regarding the meaning of the provision. (*Price v. Shell Oil Co.* (1970) 2 Cal.3d 245, 256; *Building Maintenance Service Co. v. AIL Systems, Inc.* (1997) 55 Cal.App.4th 1014, 1021.) We strictly scrutinize the moving party's papers, construing the facts and resolving all doubts and ambiguities in the evidence in favor of the appellants. (*Innovative Business Partnerships, Inc. v. Inland Counties Regional Center, Inc.* (2011) 194 Cal.App.4th 623, 628; *Sellery v. Cressey* (1996) 48 Cal.App.4th 538, 543.)

### 2. Legal Principles Regarding Express Indemnification And The Duty To Defend

"Indemnity" refers to the right of a party to be compensated for loss or damage he has incurred. (Civ. Code, § 2772; *Rossmoor Sanitation, Inc. v. Pylon, Inc.* (1975) 13 Cal.3d 622, 628.) When a duty to indemnify arises from express contractual language, the extent of that duty must be determined from the contract. (*Rossmoor*, at p. 628;

*Markley v. Beagle* (1967) 66 Cal.2d 951, 961.) An agreement to indemnify a party also applies to the party's agents. (Civ. Code, § 2775.)

Apart from defining the duty to indemnify, the parties to a contract may also assign one party responsibility for the other's legal defense when a third party claim is made. (*Crawford v. Weather Shield Mfg., Inc.* (2008) 44 Cal.4th 541, 551 (*Crawford*).) The parties have great freedom to allocate the duty to defend and the duty to indemnify as they see fit. (*Ibid.*) Courts apply the usual rules of contractual interpretation to indemnity agreements. (*Id.* at p. 552.)

The indemnitor must defend, at the indemnitee's request, against all claims embraced by the indemnity clause. (*Crawford*, *supra*, 44 Cal.4th at p. 557; Civ. Code, § 2778, subds. 3, 4.)[2] The duty to defend attaches if a legal action "*allege*[*s*] facts that would give rise to a duty of indemnity." (*Crawford*, at p. 558) It begins "as soon as the litigation commences and regardless of whether the indemnitor is ultimately found negligent." (*UDC-Universal Development, L.P. v. CH2M Hill* (2010) 181 Cal.App.4th 10, 21-22; *Crawford*, at p. 558.)

"There is no defense obligation beyond the indemnity obligation; thus, there is no duty for the [indemnitor] to defend any claims which do not, at the time of tender, allege facts which would, at least potentially, fall within the scope of the duty to indemnify." (*City of Bell v. Superior Court* (2013) 220 Cal.App.4th 236, 251.) In other words, "the defense obligation is part and parcel of the indemnity obligation and the legal principle that the [indemnitor] need not defend if the underlying actions do not allege claims that could at least potentially give rise to a duty of indemnity." (*Id.* at p. 252.)

---

**2**      Subdivisions 3 and 4 of section 2778 read as follows: "3. An indemnity against claims, or demands, or liability, expressly, or in other equivalent terms, embraces the costs of defense against such claims, demands, or liability incurred in good faith, and in the exercise of a reasonable discretion; [¶] 4. The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity, but the person indemnified has the right to conduct such defenses, if he chooses to do so."

6

**3. Connie C.'s Complaint Alleges Facts That Potentially Would Give Rise To A Duty To Indemnify**

*a. The Allegations*

Connie C. alleges four causes of action against the Hospital and its employees.

First, she claims that the Hospital negligently breached its duty "to provide proper supervision and a safe environment," in violation of state standards and regulations, resulting in her rape in the Hospital. The Hospital knew that among its patients are juveniles with violent propensities, that the Hospital rooms are not equipped with locks, and that probation officers did not monitor the juveniles at every moment, thereby posing a significant risk to plaintiff and other patients.

Second, plaintiff alleges that the Hospital committed medical malpractice. It has a duty to use reasonable care to furnish her with the medical services, attention and protection reasonably required for her physical and mental condition. The Hospital failed to provide her with adequate monitoring, nursing services, and other professional needs, resulting in her injury on August 2, 2008.

Third, plaintiff alleges that the Hospital acted intentionally and unreasonably "in disregard of the highly probable risk that plaintiff would be in imminent danger" from "other residents known to have a propensity to commit criminally violent acts." The Hospital's actions violated state and federal laws and regulations designed to protect patient health and safety. The Hospital knew the substantial probability of harm could lead to injury. As a result of the Hospital's willful or reckless dereliction of its duty to protect patients, Connie C. was raped by another patient.

Fourth, plaintiff was allegedly deceived and defrauded by the Hospital, which induced her to undergo treatment there based on oral and written representations that she would be safe at the Hospital; it would provide a full range of treatment and safe, high quality care; it has policies and procedures in effect to ensure patient safety; it is in compliance with all laws and regulations regarding patient safety; and the residents would be closely monitored. The Hospital failed to disclose that patients who were incarcerated for criminal acts would be treated at the Hospital without appropriate

7

security provisions. These representations proved to be false because the facility was not safe, not in compliance with laws and regulations, and the patients were not monitored for their safety. Had plaintiff known of this falsity, she would not have gone to the Hospital for treatment and would not have been raped.

The complaint asserts a single cause of action against the County for "public entity liability" under the Government Code. It alleges that the County was responsible for monitoring the Assailant while he was a patient at the Hospital, to prevent harm to other patients. The County and Mier breached their duty to protect Connie C. from harm by failing to monitor the Assailant, allowing him to roam freely in the Hospital, without supervision, and rape Connie C.

b. *The Duty to Defend Arose upon Tender of the Lawsuit*

The complaint alleges that the Hospital, the County, and Mier all were negligent in their duties. The Hospital was negligent because it failed to monitor the movements of the Assailant and assure the safety of Connie C. The County and Mier were negligent because they failed to supervise the Assailant. These combined failings led to Connie C.'s injury. Had Mier monitored the Assailant, he could not have left his Hospital room. Had the Hospital properly monitored its facility, its staff would have seen the Assailant enter the room of a young female patient and they could have thwarted the attack.

The Hospital must indemnify the County and its employees—and defend against—any claims or actions arising from or connected to *the Hospital's acts or omissions* arising from or relating to the Agreement to provide mental health services. The intent is to ensure that the County will not suffer damages if, as a result of the Hospital's negligence, the County becomes embroiled in litigation with a third party. As alleged in the complaint, the Hospital's act of not complying with controlling rules and regulations and its omission in failing to monitor the safety of its patients makes the Hospital potentially liable for Connie C.'s injury. The trial court acknowledged the Hospital's potential for liability when it rejected the Hospital's attempt to secure summary judgment against Connie C.: the court found that the Hospital has a duty to

8

provide a safe environment while rendering services to its patients and may be found liable for negligence if it failed to carry out this duty while Connie C. was a patient at its facility.

Connie C.'s claims against the County and Mier are inseparable from her claims against the Hospital. The combined failings of both Mier and the Hospital led to the completed attack, according to the complaint. Regardless of whether Mier fell asleep (or went to use the restroom, or to smoke), the Hospital was under a continuing duty to ensure the well-being of its patients against attacks by other patients. A Hospital nursing supervisor testified that despite the presence of a probation officer, Hospital staff are responsible for juvenile detainees once they are in the confines of the Hospital. The Hospital's failure to execute its concurrent duty to supervise the Assailant allowed the Assailant to roam the hallways of the Hospital and enter the room of another patient, Connie C., to commit an assault.

Under the circumstances, the Hospital's duty to defend attached as soon as the litigation commenced—and regardless of whether the Hospital, the County or Mier were ultimately found negligent—because the complaint alleges facts that potentially fall within the scope of the duty to indemnify. Connie C.'s claim against the County and Mier has a logical connection with an act or omission by the Hospital, which admitted the Assailant pursuant to the Agreement, placed him in the same dormitory as a female juvenile patient, both in unlocked rooms, then failed to monitor either of them.

**DISPOSITION**

The judgment is reversed. The matter is remanded to the trial court with directions to enter judgment for the County of Los Angeles and Robert Mier with respect to respondents' duty to defend the County and its employee against the lawsuit brought by a third party. The Hospital to bear costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


                                        BOREN, P.J.

We concur:


        ASHMANN-GERST, J.


        FERNS, J.*

_____

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6 of the California Constitution.