[Civ. No. 13567. First Dist., Div. Two. Apr. 1, 1948.]

F. L. HOLBROOK, Appellant, v. J. A. FAZIO, Respondent.

Lyle E. Cook for Appellant.

Arch MacDonald for Respondent.

NOURSE, P. J.—Plaintiff sued for the unpaid balance on a subcontract. The trial court found that the final payment on the contract was not then due and gave judgment for the defendant.

The general or major contract was between the United States Maritime Commission and Kaiser Company, Incorporated and called for the construction of dormitories and a recreation building. The company sublet to another association which executed a contract with defendant who

in turn entered into a "construction subcontract" with plaintiff calling for the installation of certain heating and ventilation work. The contract price was fixed at $20,224 payable to plaintiff "in installments as follows: 90% of work completed and accepted by the Kaiser Company Inc." The general contract between Kaiser and Fazio provided that the 10 per cent retained should be paid on "the completion and acceptance by the contractor of all work called for by *this* subcontract." When the complaint was filed, $3299.91 remained unpaid on the contract. Thereafter the defendant paid $2375.94, leaving a balance of $923.97 which is now claimed to be due.

The master contract with Kaiser called for payments upon completion and acceptance of the work by the field superintendent of the original contractor. The trial court found on substantial evidence that the Kaiser Company had not fully accepted the work performed by plaintiff and that defendant had not received from Kaiser payment in full on his subcontract.

The issue on this appeal is whether when a general contract is incorporated into a subcontract by reference the terms of the general contract relating to method and time of payment become a part of the subcontract.

The answer is in the affirmative. The rule is stated in *Bell* v. *Rio Grande Oil Co.*, 23 Cal.App.2d 436, 440 [73 P.2d 662]: "A written agreement may, by reference expressly made thereto, incorporate other written agreements; and in the event such incorporation is made, the original agreement and those referred to must be considered and construed as one. (Citing cases.)"

Similarly in *Valley Const. Co.* v. *City of Calistoga*, 72 Cal. App.2d 839, 841 [165 P.2d 521], this court said: "The authorities in California are clear that if the reference in the contract to the plans and specifications indicates an intention to incorporate them generally they become a part of the contract for all purposes. (Citing cases.)" There is no substantial difference between incorporated clauses relating to the method of performance and a clause relating to the time and conditions of payment.

See generally for authorities in support of the rule 6 California Jurisprudence, pages 320 et seq.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.