Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 8757. Dec. 8, 1955.]

RUSSELL ENOCHS, Respondent, v. DENE C. CHRISTIE
et al., Appellants.

James R. Helms, Jr., for Appellants.

Francis C. Jones for Respondent.

PATROSSO, J.—Plaintiff instituted the action by filing a complaint in the form of a common count for labor performed and material furnished, to wit, paint and painting, for which it is alleged defendants agreed to pay the sum of $1,479. Plaintiff recovered judgment, and defendants appeal.

Upon the trial, it developed that the work in question was performed by plaintiff pursuant to the terms of a subcontract executed between plaintiff and defendants, whereby the plaintiff agreed, for a stipulated sum, to perform all of the painting work required to be performed by defendants under the terms of a general contract executed between defendants and the

Public Housing Administration, involving the transportation of 100 dwelling units located at Western Terrace Project, in Los Angeles, and the reconditioning, remodeling and re-erection of the same at Camp Irwin near Barstow, California. By the terms of the subcontract, plaintiff agreed to perform the painting work in accordance with the terms of the general contract, which is declared to "hereby become a part of this contract."

Among other provisions of the subcontract are the following: "It is agreed that if sub-contractor provides a sizable working force sufficient to complete 10 units per week, he will be given enough time to complete all units as far as practicable at Western Terrace Project. If work originally scheduled to be done at Western Terrace Project is required to be done at Camp Irwin through no fault of subcontractor, he shall be entitled to extra cost." "Section 5. The Contractor and Subcontractor agree to be bound by the terms of the Agreement, the General Conditions, Drawings and Specifications as far as applicable to this subcontract, and also by the following provisions: The subcontractor agrees— (a) To be bound to the Contractor by the terms of the Agreement, General Conditions, Drawings and Specifications, and to assume toward him all the obligations and responsibilities that he, by those documents, assumes toward the Owner. . . . (c) To make all claims for extras, for extensions of time and for damages for delays or otherwise, to the Contractor in the manner provided in the General Conditions for like claims by the Contractor upon the Owner, except that the time for making claims for extra cost is one week."

The provision of the general contract (which was offered in evidence by plaintiff but refused admission by the trial court) dealing with the subject of "extra cost" (§ 10(a), p. 38) is as follows: "If the contractor claims that any instructions by drawings or otherwise involve extra cost or extension of time, he shall, within ten days after the receipt of such instructions, and in any event before proceeding to execute the work, submit his protest thereto in writing to the Contracting Officer, stating clearly and in detail the basis of his objections. No such claim shall be valid unless so made."

The plaintiff performed the work stipulated to be performed by him under the terms of the subcontract and he was paid the consideration therefor provided therein. ■ The amount, however, which he sought and recovered by the instant action was the "extra cost" of performing certain of the work at Camp Irwin under the provision of the sub-

contract hereinbefore quoted. Defendants resist the recovery of this additional amount upon the ground that, as the same constitutes "extra cost" within the meaning of both the subcontract and the general contract and as admittedly no claim therefor was made by the plaintiff within the time limited by the provisions of the subcontract and the general contract quoted above, plaintiff may not recover therefor.

The trial court's refusal to admit in evidence the general contract was erroneous, for it was referred to in the subcontract and expressly made a part thereof. Moreover, as appears from the portion of section 5 thereof, hereinabove quoted, plaintiff expressly agreed to be bound by the terms of the general contract as far as the same are applicable to the work to be performed by plaintiff and specifically plaintiff agreed to make all claims for "extras" in the manner provided in the general contract, "except that the time for making claims for extra costs is one week." It is settled that a contract may refer to another contract for details or conditions, and when this is the case the contract referred to must be considered as a part of the contract in which reference hereto is made. (*Bell* v. *Rio Grande Oil Co.* (1937), 23 Cal.App.2d 436, 440 [73 P.2d 662]; *Holbrook* v. *Fazio* (1948), 84 Cal.App.2d 700, 701 [191 P.2d 123].) The right and duties of the parties under the subcontract could not therefore be determined without reference to and a consideration of the applicable provisions of the general contract.

 The general contract, although not received in evidence, was marked for identification, and is before us, and in order to determine whether its exclusion was prejudicial, we proceed to consider whether the work for which plaintiff sought recovery involved extra cost within the meaning of the subcontract as supplemented by the general contract. We have concluded that such is the case, and accordingly are reversing the judgment.

Plaintiff contends that the work of painting the houses at Camp Irwin was not an "extra" because by the terms of his contract he was required to paint all of the dwelling units whether located at Los Angeles Terrace or Camp Irwin, and hence the painting of some of the units at the latter location was but the performance of work required of him by the contract. We may readily concede this to be true, but this does not afford the answer to the problem before us. Plaintiff's right to recover the additional amount in controversy, if existent, arises solely by virtue of the provision of the

subcontract to which reference has previously been made. We may assume that plaintiff, by virtue of the fact that he was required to paint certain of the units at Camp Irwin, was entitled to claim the "extra cost" incurred thereby, but the crucial question is whether claim therefor was made by the plaintiff in the manner and within the time specified in the general contract, the provisions of which are incorporated in the subcontract, as modified by the terms of the subcontract. Both the provisions of the subcontract with which we are immediately concerned and section 10(a) of the general contract contain the words "extra cost" and they must be deemed to have the same meaning in both contracts. When, therefore, plaintiff was required to paint certain of the units at Camp Irwin rather than at Los Angeles Terrace, it was incumbent upon him, if he intended to claim the "extra cost" of doing the work at Camp Irwin, to make a claim therefor in writing before proceeding to execute the work as provided in section 10(a) of the general contract.

A provision similar to the one here is frequently found in construction contracts, and it has been uniformly held that such provision is valid, as a consequence of which, in the absence of conduct operating as a waiver or giving rise to an estoppel, failure to make a claim for extra cost in the manner and within the time specified precludes recovery therefor.

The judgment is reversed. The appeal from the order denying motion for a new trial is dismissed.

Shaw, P. J., and Swain, J., concurred.