[Civ. No. 8287. Fourth Dist., Div. Two. Aug. 7, 1967.]

J. A. PAYTON et al., Plaintiffs and Respondents, v. KUHN-MURPHY, INC., et al., Defendants and Appellants.

Gillespie, Hartley & Flory, Donald S. Gillespie, Hollis G. Hartley and Wm. A. Flory for Defendants and Appellants.

Wilson, Wilson & Borror and William H. Wilson for Plaintiffs and Respondents.

McCABE, P. J.—Contrary to the position of defendants, we determine that the subcontract was executed by one of the

plaintiff joint venturers and an officer of the defendant subcontractor, with knowledge on the part of the subcontractor at that time that there was a joint venture between the signatory and others and with knowledge of the terms and conditions of the prime contract between contractor and the State of California. Thus the subcontract inured to the benefit of all of the joint venturers comprising the prime contractor. With such determination, the indemnification agreement being in general terms and in the absence of active negligence on the part of contractor, the contractor is entitled to indemnification from subcontractor.

J. A. Payton, a copartnership, George Herz & Company, a corporation, and Clyde W. Wood & Sons, Inc., a corporation, jointly submitted a bid and were awarded the prime contract by the State of California to construct a portion of the San Bernardino Freeway. This joint venture will hereinafter be referred to as Contractor. Kuhn-Murphy, Inc. entered into a subcontract with the Contractor for work on the project generally described as "dirt hauling." Although in dispute, the court found upon substantial evidence that the prime contract had been entered into before the subcontract was executed. J. A. Payton signed the subcontract agreement as Contractor.

The subcontract agreement recited that the subcontractor (Kuhn-Murphy, Inc.) had examined the plans, specifications and the prime contract and knew the contents and requirements of it; subcontractor had examined the work site and subcontractor assumed toward the Contractor all obligations and responsibilities the Contractor, as the Contractor, assumed toward the State of California insofar as applicable to the work to be performed by the subcontractor. By the subcontract, subcontractor agreed to furnish, before commencement of work, evidence of adequate protection by public liability and property damage insurance. Further, subcontractor agreed in the subcontract "to indemnify and save Contractor harmless from any and all claims, damages or liability of whatever nature which might result from performance of" the work under the subcontract and "to pay a reasonable attorney's fee, to be fixed by court, in the event litigation is necessitated for the settlement of any such claims or liens."

Separate policies of public liability insurance were issued insuring Contractor and subcontractor.

In performing the work contractually required by the subcontractor, a dirt hauler owned by subcontractor and operated

by an employee of the subcontractor collided with a vehicle operated by one Vera Wise. The collision occurred at an intersection of a publc highway and a temporary dirt construction road. As a result of this collision, Vera Wise died. Her heirs brought a wrongful death action at law against subcontractor, the joint venturers, the operator of the dirt hauler and others, which action resulted in a recovery of $31,171.55. Without waiver of and by reserving any rights, the Contractor and subcontractor agreed to pay the judgment by each contributing one-half of the judgment towards its satisfaction. To determine the extent of the indemnification to the Contractor for the amount it paid toward settlement of the Wise judgment, an action was commenced by plaintiffs. The judgment in the action is now being considered on this appeal.

When the subcontract provided that the subcontractor had examined the prime contract as above recited, it could not fail to know that the Contractor was comprised of joint venturers and that J. A. Payton, a copartnership, was one of the partners in the venture and that the work to be done by the subcontractor was a part of the work to be done by the Contractor under the terms of the prime contract. It follows that when the subcontract providing for work to be done as required in the prime contract and J. A. Payton signed the subcontract, the subcontractor knew that signature bound and inured to the benefit of the joint venture. Under the facts of this case where one contract specifically refers to the provisions of another contract, the two contracts insofar as there are applicable and controlling provisions must be read together. (*Roberts* v. *Security Trust & Sav. Bank,* 196 Cal. 557, 566 [238 P. 673] ; *Harm* v. *Frasher,* 181 Cal.App.2d 405, 413 [5 Cal.Rptr. 367] ; *Holbrook* v. *Fazio,* 84 Cal.App.2d 700 [191 P.2d 123] ; *Bell* v. *Rio Grande Oil Co.,* 23 Cal.App.2d 436, 440 [73 P.2d 662] ; *Beedy* v. *San Mateo Hotel Co.,* 27 Cal.App. 653, 661 [150 P. 810].)

An indemnity provision of a contract is to be construed under the same rules governing other contracts with a view of determining the actual intent of the parties. (*Southern Cal. Gas Co.* v. *Ventura etc. Co.,* 150 Cal.App.2d 253, 257 [309 P.2d 849].] No different or artificial rules of interpretation apply. (*Southern Cal. Gas Co.* v. *Ventura`etc. Co., supra; United Air Lines, Inc.* v. *Western Air Lines, Inc.,* 132 Cal. App.2d 308, 315 [282 P.2d 118] ; *Fidelity & Deposit Co.* v. *Whitson,* 187 Cal.App.2d 751, 756 [10 Cal.Rptr. 6], *cert. den.* 371 U.S. 953 [9 L.Ed.2d 500, 83 S.Ct. 507].)

■ The intent of the parties to the subcontract is clear: The subcontractor entered into a contract with the Contractor, not J. A. Payton, and intended to be bound by terms of the prime contract as its provisions were applicable to the work to be done by the subcontractor.

■ The question of whether the subcontractor must indemnify the Contractor by reason of the Wise judgment turns upon the theory under which the subcontractor, its employee, and Contractors were held liable in the Wise case. The subcontractor and its employee were made parties-defendant on the principle of active negligent acts. The Contractor and the partners in the joint venture were made parties on the principle of nonfeasance because of failure of the Contractor to discover or prevent a dangerous condition. Insofar as plaintiffs or the jury in the Wise case were concerned, the result of any type of causative negligence on the part of defendants required a finding of liability. This result does not follow as between the subcontractor-indemnitor and the Contractors-Indemnitees under the provision of the indemnification provision in the contract.

The indemnification provision of the subcontract is similar to and has a like characteristic to that considered by the Supreme Court in *Markley* v. *Beagle*, 66 Cal.2d 951, 962 [59 Cal.Rptr. 809, 429 P.2d 129].) ■ As in *Markley, supra,* the subcontractor's duty to indemnify the Contractor is to be determined by the contractual provisions and not from the independent doctrine of equitable indemnity. The indemnification provision is phrased in general terms in the subcontract.

*Markley, supra,* controls this issue in the case wherein it is stated: ■ "An indemnity clause phrased in general terms will not be interpreted, however, to provide indemnity for consequences resulting from the indemnitee's own actively negligent acts. [Cases cited.] Mere nonfeasance, however, such as a negligent failure to discover a dangerous condition arising from the work will not preclude indemnity under a general clause such as the one in this case. [Cases cited.]"

The Wise cause of action against the subcontractor and its agent driver finds its genesis in the work being performed by the subcontractor. The subcontractor had contracted to provide flagmen for the hauling operations together with signs necessary to its operation.

■ The Wise action against the Contractor finds its fountainhead in the duty owed by it to members of the public who were in the same position as Mrs. Wise, deceased, but

does not find foundation in any activity of Contractor except in overall aspects. It must, therefore, be concluded that the negligence as found in the Wise action was active negligence as to the subcontractor and its agent but passive negligence as to the Contractor. So premised, the Contractor is entitled to indemnification for the amount it contributed to the satisfaction of the Wise judgment.

At the time it was served with process in the Wise action, Contractor tendered the defense of the action to subcontractor which was declined by it. At the time of the tender, Contractor advised subcontractor that if there were a declination, Contractor would defend the action holding subcontractor responsible for any loss, expense or damage incident to the defense, including legal fees and expense. The trial court properly found Contractor had incurred $1,247.35 legal services and costs. The award of attorney's fees was proper.

Judgment affirmed.

Kerrigan, J., and Tamura, J., concurred.