[Civ. No. 56587. Second Dist., Div. Two. Mar. 25, 1980.]

JAMES J. KIRST et al., Cross-complainants and Appellants, v.
OZZIE SILNA, Cross-defendant and Respondent.

COUNSEL

Grant & Popovich and Irvin Grant for Cross-complainants and Appellants.

Kaplan, Livingston, Goodwin, Berkowitz & Selvin, Norman S. Oberstein, Sheldon W. Presser and Herman F. Selvin for Cross-defendant and Respondent.

OPINION

FLEMING, J.—James Kirst and General Insurance Company (General) appeal the trial court's dismissal of their cross-complaint against Ozzie Silna after sustension of his demurrer without leave to amend. We affirm.

## FACTS

In October 1969 Zelmo Beaty, a professional basketball player, contracted to play basketball for three years starting in October 1970 for Kirst, the then owner of the Los Angeles franchise of the American Basketball Association. Beaty's agreed compensation for his 1970-1973

services included deferred compensation of $300,000 payable in 10 annual installments of $30,000 beginning January 1975. Kirst as principal and General as surety executed a bond to assure payment of this deferred compensation to Beaty.

In February 1970 Kirst sold his basketball team to Bill Daniels and assigned the 1970-1973 Beaty contract to Daniels. Daniels assumed Kirst's obligations under the Beaty contract, moved the franchise to Utah, and assigned his interest, including Beaty's contract, to Mountain State Sports, Inc. (the Stars), a corporation in which Daniels was the principal shareholder.

In December 1975 Daniels, the Stars, the Spirits of St. Louis Basketball Club, a limited partnership (the Spirits), and Silna contracted to combine specified assets and specified liabilities of the Stars with those of the Spirits (the combination contract). The Spirits and Silna both agreed to pay the annual installment of deferred compensation due Beaty from the Stars in January 1976, and the Spirits alone agreed to pay the subsequent installments of Beaty's deferred compensation.

Beaty was paid the 1976 installment of deferred compensation, but nothing more. He thereupon filed an action against Kirst, General, Daniels, the Stars, the Spirits, Pak Fabrics, Inc. (general partner of the Spirits), and Silna (a party to the combination contract and an alleged general partner of the Spirits) for breach of contract. Subsequently, Beaty's action against the Spirits, Pak Fabrics, and Silna was dismissed. Nevertheless, Kirst and General cross-complained against Silna, alleging they were third party beneficiaries of the combination contract among Daniels, the Stars, Silna, and the Spirits. Silna's demurrer to the cross-complaint was sustained without leave to amend, and this appeal followed.

## DISCUSSION

Appellants Kirst and General contend:

1. They may enforce Silna's obligation to Beaty as third party beneficiaries of the combination contract;

2. They stand as sureties to Silna's obligation to Beaty, and can thus pursue Beaty's claim against Silna by subrogation;

3. The doctrine of implied indemnity requires Silna to indemnify them for payments to Beaty;

4. Silna as a general partner of the Spirits is personally liable for the obligation the Spirits assumed to Beaty.

 1. Appellants' first point assumes that Silna is obligated under the combination contract to pay Beaty the balance of his deferred compensation, and that they may enforce that obligation as third party beneficiaries. But so far as appears in the record, Silna did not assume any such obligation under the combination contract. Even if we suppose that he did, that somehow Silna became obligated under the combination contract to pay the balance of Beaty's deferred compensation for 1970-1973 services, appellants would not qualify as third party beneficiaries, because the contract failed to disclose any intent, express or implied, to benefit them. For a third party to qualify as a beneficiary under a contract, the contracting parties must have intended to benefit that third party, and their intent must appear from the terms of the contract. (Civ. Code, § 1559; *Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 943 [132 Cal.Rptr. 424, 533 P.2d 584]; *Johnson* v. *Holmes Tuttle Lincoln-Merc.* (1958) 160 Cal.App.2d 290, 297 [325 P.2d 193].) While the beneficiary need not be named in the contract, he must be a member of a class referred to and identifiable therein. (*Lumber Co.* v. *E. G. Niemann Investments* (1929) 99 Cal.App. 456, 459 [278 P. 913]; *Ralph C. Sutro Co.* v. *Paramount Plastering, Inc.* (1963) 216 Cal. App.2d 433, 437 [31 Cal.Rptr. 174].) The combination contract does not disclose or suggest any intent to benefit persons other than Daniels, the Stars, and Beaty. The contract sought to protect Daniels and the Stars from liability to Beaty, but it did not go beyond that point and undertake to protect others who might also be liable to Beaty. The true third party beneficiary of the combination contract is Beaty. Appellants Kirst and General are merely incidental beneficiaries who may fortuitously benefit from the performance of the combination contract, but who have no legal right to enforce its terms for their own benefit. (*Murphy* v. *Allstate Ins. Co., supra,* at p. 944.)

 2. Kirst and General assert they stand as sureties to Silna's obligation as principal to Beaty. This is incorrect. They themselves stand as principals and primary obligors to Beaty (Civ. Code, § 1457). They are, additionally, specific contractual promisees of Daniels' promise to assume their obligations to Beaty. But Daniels' promise to them does not change their status as primary obligors to Beaty. It merely gives Beaty

a new and added security. Absent a novation Kirst's and General's liability to pay deferred compensation to Beaty has not and cannot be transferred or assigned to others. Debts, unlike credits, cannot be assigned without permission. (4 Corbin on Contracts (1951) § 866, p. 452.) Consequently, appellants' status as principals stays put. If, later, some other person were to assume a parallel liability to Beaty, appellants would acquire no claim to reimbursement or indemnification unless they obtained a specific contractual promise of reimbursement— as they did from Daniels. When a promise to pay is made by successive promissors, each promisee benefits from the specific promise of his promissor and not otherwise, for in the absence of novation the obligations assumed by successive promissors are not transferable, not fungible, and not necessarily identical with one another. For example, Silna's assumption of Daniels' liability to Beaty may involve a different obligation from Daniels' assumption of Kirst's liability to Beaty. (Civ. Code, § 2847; *Meredith v. Dardarian* (1978) 83 Cal.App.3d 248, 252 [147 Cal.Rptr. 761]; *Mottashed v. Central & Pac. Impr. Corp.* (1935) 8 Cal.App.2d 256, 261-264 [47 P.2d 525].) Appellants' promisor was not Silna but Daniels, and it is to him they must look for performance of his promise to assume their obligation to Beaty.

■ 3. Kirst and General cannot obtain relief under the equitable doctrine of implied indemnity, a tort concept which assumes the existence of tortfeasors of unequal fault whose liability is apportionable among themselves. (*American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578, 591, 598 [146 Cal.Rptr. 182, 578 P.2d 899].) Implied indemnity does not apply to contractual obligors who have assumed parallel but independent liabilities to a third party. (*Meyers v. Bank of America etc. Assn.* (1938) 11 Cal.2d 92, 96-99 [77 P.2d 1084].) When a debtor is delinquent in satisfying an obligation to his creditor and another debtor is also delinquent on a parallel but independent obligation to the same creditor, neither debtor has a superior equity entitling the one to relief against the other. (Cf. *People* ex rel. *Dept. Pub. Wks. v. Daly City Scavenger Co.* (1971) 19 Cal.App.3d 277, 282-283 [96 Cal.Rptr. 669].) At bench, the obligations of Kirst and General, of Daniels and the Stars, and of the Spirits and Silna (if any), are parallel but independent contractual obligations owed to Beaty, to which the equitable doctrine of implied indemnity does not apply.

■ 4. Finally, Kirst and General assert that Silna, as an alleged general partner of the Spirits, is personally liable for the Spirits' obligation to pay deferred compensation to Beaty. At bench, Silna's status

vis-à-vis the Spirits is irrelevant. As noted earlier, Kirst and General are not third party beneficiaries under the combination contract, and hence they have no standing to assert Beaty's claim, if any, against the Spirits or against Silna as an alleged general partner of the Spirits.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 4, 1980.