[No. A022465. First Dist., Div. Three. Oct. 31, 1985.]

KAISER ENGINEERS, INC., Cross-complainant and Appellant, v. GRINNELL FIRE PROTECTION SYSTEMS COMPANY, INC., Cross-defendant and Respondent.

1052

COUNSEL

Alexander L. Brainerd, Elliot L. Bien, Richard R. Dale and Bronson, Bronson & McKinnon for Cross-complainant and Appellant.

Stephen A. Barber and Ropers, Majeski, Kohn, Bentley & Wagner for Cross-defendant and Respondent.

OPINION

**SCOTT, J.**—Kaiser Engineers, Inc. (Kaiser), appeals from a judgment of dismissal entered after the sustaining of a demurrer without leave to amend its cross-complaint against Grinnell Fire Protection Systems Company, Inc. (Grinnell). As we have concluded that Labor Code section 3864[1] does not require a third party beneficiary to be identified by name in an express indemnity agreement in order to enforce that agreement, we reverse the judgment.

---

[1] Unless otherwise indicated, statutory references are to the Labor Code.

## I

Kaiser's cross-complaint alleged the following facts. In 1978, Kaiser entered into a contract with the United States Department of Energy (DOE), whereby Kaiser became the agent of the DOE and agreed to perform construction management services in connection with construction of the NOVA High Energy Laser Facility at the Lawrence Livermore Laboratory.

In 1980, respondent Grinnell entered into a construction contract with the DOE to provide certain fire protection systems at the NOVA facility. Clause 57 of that written contract provided: "The Contractor shall indemnify and hold harmless the Government and its agents and employees from and against all liability, claims and suits for injury or death to persons and damage to property . . . based upon or arising from the operations of the Contractor and his subcontractors in the performance of this contract."

In 1981, Gary Candito, an employee of Grinnell, was injured when he fell through a hatch in a crane at the construction site. He and his wife filed a complaint for damages for personal injury and loss of consortium against Kaiser, among other defendants.

Subsequently, Kaiser cross-complained against Grinnell and others, seeking indemnity for any liability to Candito, and relying on both equitable indemnity principles and the express indemnity agreement provision in Grinnell's contract with the DOE. Kaiser alleged that it was an intended third party beneficiary of that agreement.

The trial court sustained Grinnell's demurrer to the cross-complaint without leave to amend.[2] In a later order denying Kaiser's motion for new trial, the court explained the reason for its ruling on the demurrer: "The court finds that as a matter of law, Labor Code, Section 3864 does not authorize a person or entity who is not a party to a contract providing for indemnity against the employer to assert third party beneficiary rights against the employer unless said person or entity is expressly named as one to whom said employer owes the obligation of indemnity."

## II

Appellant contends that its complaint stated a cause of action based on the express contract of indemnity, and that the trial court's interpretation

---

[2]At the hearing on the demurrer, Kaiser conceded that the demurrer should be sustained without leave to amend as to the causes of action based on an implied indemnity theory. Those causes of action are not at issue in this appeal.

of Labor Code section 3864 was erroneous. For reasons which we will explain, we agree.

■ For purposes of this appeal, we must treat as true all material facts properly pled in Kaiser's cross-complaint. (*Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 722 [209 Cal.Rptr. 347, 691 P.2d 1013].) Whether Kaiser may have difficulty in proving its allegations is not of concern in this appeal. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216]; *Martinez* v. *Socoma Companies, Inc.* (1974) 11 Cal.3d 394, 399 [113 Cal.Rptr. 585, 521 P.2d 841].) Kaiser need only plead facts showing that it may be entitled to some relief. (*Alcorn, supra,* at p. 496.)

■ Section 3864 provides: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

■ "The purpose of the statute is to eliminate an employer's liability under an equitable or implied indemnity theory when its employee is injured during the course and scope of employment due to the negligence or partial negligence of a third party. Section 3864 restricts the employer's responsibilities to those imposed by the workers' compensation laws and insulates it from indemnity claims unless they are based on an express contract of indemnity executed by the employer prior to the injury. [Citation.]" (*City of Oakland* v. *Delcon Associates* (1985) 168 Cal.App.3d 1126, 1128-1129 [214 Cal.Rptr. 734].)

■ Nevertheless, section 3864 does not define the scope of the employer's duty to indemnify under an express contract, and does not specify what words must be used in such a contract. ■ Where an employer has expressly contracted with respect to the duty to indemnify, the extent of its duty must be determined from the contract. ■ An indemnity provision of a contract is to be construed according to the same rules which govern other contracts, in order to determine the actual intent of the parties. (*Herman Christensen & Sons, Inc.* v. *Paris Plastering Co.* (1976) 61 Cal.App.3d 237, 244-245 [132 Cal.Rptr. 86].) ■■ No different or artificial rules of interpretation apply to an indemnity provision of a contract (*J. A. Payton* v. *Kuhn-Murphy, Inc.* (1967) 253 Cal.App.2d 278, 281 [61 Cal.Rptr. 575]), and there is no requirement that a contract authorized by section 3864 must be more specific than other indemnity contracts. (See *Gonzales* v. *R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 808-809 [144 Cal.Rptr. 408, 575

P.2d 1190]; *Herman Christensen & Sons, Inc.* v. *Paris Plastering Co.,* *supra,* 61 Cal.App.3d at pp. 245-247.)

 As already stated, Kaiser has alleged that it was an intended third party beneficiary of the express indemnity agreement between respondent Grinnell and the DOE. Section 3864 does not prohibit an employer from entering into a written indemnity agreement with another for the express benefit of a third party, and the trial court's reliance on that section to sustain respondent's demurrer was misplaced. Instead, it is necessary to examine the contract principles applicable to third party beneficiary claims, to determine whether Kaiser was foreclosed from seeking to enforce the indemnity agreement merely because it was not identified by name therein.

A third party beneficiary may enforce a contract made expressly for his or her benefit. (Civ. Code, § 1559; *Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 943 [132 Cal.Rptr. 424, 553 P.2d 584].)[3] The intent of the contracting parties to benefit expressly that third party must appear from the terms of the contract. (*Kirst* v. *Silna* (1980) 103 Cal.App.3d 759, 763 [163 Cal.Rptr. 230].) By judicial construction, the term "expressly" in Civil Code section 1559 has come to mean merely the negative of "incidentally." (*Shurpin* v. *Elmhirst* (1983) 148 Cal.App.3d 94, 103 [195 Cal.Rptr. 737].) In other words, Civil Code section 1559 excludes enforcement of a contract by persons who are only incidentally or remotely benefited by it. (*Martinez* v. *Socoma Companies, Inc., supra,* 11 Cal.3d at p. 400; *Dateline Builders, Inc.* v. *City of Santa Rosa* (1983) 146 Cal.App.3d 520, 526 [194 Cal.Rptr. 528].) Nevertheless, the third person need not be named or identified individually to be an express beneficiary. A third party may enforce a contract if it can be shown that he or she is a member of the class for whose express benefit the contract was made. (*Kirst* v. *Silna, supra,* 103 Cal.App.3d 759, 763; *Gilbert Financial Corp.* v. *Steelform Contracting Co.* (1978) 82 Cal.App.3d 65, 69-70 [145 Cal.Rptr. 448]; *Guntert* v. *City of Stockton* (1976) 55 Cal.App.3d 131, 141-142 [126 Cal.Rptr. 690, 127 Cal.Rptr. 602]; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, §§ 499, 504, 507, pp. 428, 432, 435.)

 Given these well-settled principles, it is clear that the trial court erred in sustaining Grinnell's demurrer. Kaiser's cross-complaint alleged that Grinnell and the DOE had executed an express contract of indemnity prior to the injury to Grinnell's employee, wherein Grinnell promised to indemnify both the DOE and its agents. The cross-complaint also alleged

---

[3]Civil Code section 1559 provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

that Kaiser was an agent of the DOE and as such was an intended third party beneficiary of that contract. Those allegations were sufficient to withstand the demurrer. Whether Kaiser will be able to prove that it was an agent within the meaning of the indemnity agreement is a question which is not before us.

We have not overlooked respondent's argument that had it intended to make Kaiser a third party beneficiary of its agreement with the DOE, Kaiser would have been expressly named as such in the agreement. However, while the agreement could have been more specific, that fact does not preclude Kaiser from attempting to prove that it was a member of the class for whose express benefit this contract was made. (See *Herman Christensen & Sons, Inc.* v. *Paris Plastering Co., supra,* 61 Cal.App.3d at pp. 245-246 [employer/subcontractor agrees to indemnify contractor against liability for "injuries to persons . . ."; plain meaning of that language broad enough to include indemnitor's employees, even though a more specific agreement would have been possible].)

Finally, the cases relied on by respondent, *Solano Concrete Co.* v. *Lund Constr. Co.* (1976) 64 Cal.App.3d 572 [134 Cal.Rptr. 552] and *Lockheed Missiles & Space Co.* v. *Gilmore Industries, Inc.* (1982) 135 Cal.App.3d 556 [185 Cal.Rptr. 409], are inapposite. In *Solano,* the court held that an indemnity agreement was inapplicable because it was not executed prior to the accident, as is required by section 3864. (*Solano, supra,* at p. 575.) In *Lockheed,* the indemnity agreement at issue was never signed. (*Lockheed, supra,* at p. 558.) Neither case involved an attempt by a third party beneficiary to enforce an indemnity agreement, and neither case supports the trial court's ruling in this case.

Judgment is reversed.

White, P. J., and Barry-Deal, J., concurred.