117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phyllis PRESTON; Roger Preston, Executor of the Estate of
Paul R. Preston, Plaintiffs-Appellants,
v.
MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 96-15518.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided July 9, 1997.
 
 Before HUG, Chief Judge, CHOY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Phyllis Preston and her son Roger Preston appeal a decision of the district court dismissing Phyllis and granting summary judgment against Roger in their breach of contract and bad faith action against defendant-appellee Minnesota Mutual Life Insurance Company ("Minnesota Mutual"). The action resulted from Minnesota Mutual's decision to rescind, posthumously, a mortgage life insurance contract that Phyllis's son Paul Preston had purchased to pay off the mortgage on Phyllis's house. We hold that the district court should not have dismissed Phyllis for lack of standing and should not have granted summary judgment to defendant. We reverse and remand the matter for further proceedings.
 
 Standing
 
 3
 The district court found that Phyllis Preston lacked standing because she was not an express beneficiary of the life insurance contract. Under California law, however, a third party beneficiary may enforce a contract made expressly for her benefit. Cal.Civ.Code § 1559. A third party beneficiary may also enforce a contract where "the intent of the contracting parties to benefit expressly that third party [appears] from the terms of the contract." Kaiser Engineers v. Grinnell Fire Protection Sys. Co., 219 Cal.Rptr. 626, 629 (Ct.App.1985). California courts have interpreted "the term 'expressly' in Civil Code section 1559. to mean merely the negative of 'incidentally.' " Id.
 
 
 4
 Paul Preston had assisted his mother Phyllis in purchasing a house in which she lived and to which she held title. He paid the down payment and paid one-half the payments on the mortgage on the house to ARCS Mortgage. Paul Preston received in the mail an application form for a Mortgage Life Insurance, with his name, birth date, height, weight and phone number typed in. He filled out the application, sent it in, and Minnesota Mutual approved and issued the policy effective March 17, 1992. ARCS Mortgage notified Phyllis Preston that the monthly mortgage payments would increase by $27.20 to cover the insurance premium and sent a copy of the policy to Paul Preston. He in turn sent a copy of the policy to his mother with a note, "Mom, keep this in a safe place--this insurance should pay off your mortgage if I die." Paul's application for the life insurance included the loan identification number for Phyllis's mortgage, which put Minnesota Mutual on notice that Paul intended Phyllis as the beneficiary of the policy. Because Paul clearly took out the policy for her benefit, it was not necessary that Phyllis's name appear on the policy. See Shepherd v. Miles & Sons, Inc., 89 Cal.Rptr. 23, 28 (Ct.App.1970).
 
 
 5
 We agree with the district court that Roger Preston, as Paul Preston's personal representative has standing to pursue this action. Minnesota Mutual's claim to the contrary is wholly without merit. We disagree with the district court that Phyllis Preston lacked standing and hold that she does have standing to pursue her claims on remand.
 
 Summary Judgment
 
 6
 In reviewing a summary judgment we must determine "whether there are any genuine issues of material fact and whether the district court correctly applied the law." Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 7
 California law dictates that, in order for an insurer to rescind a policy, it must establish that the insured knowingly concealed or misrepresented material information. Thompson v. Occidental Life Ins. Co., 109 Cal.Rptr. 473, 480 (Cal.1973); see also Lettieri v. Equitable Life Assurance Soc., 627 F.2d 930, 932 (9th Cir.1980) (applying Thompson ) (insurer bears burden of showing that insured knowingly concealed or misrepresented material information). On the record before us, Minnesota Mutual has not carried this burden.
 
 
 8
 In July of 1992 Paul was informed he was HIV-positive. There are numerous affidavits that this was a surprise and that he had appeared to be in good health. He notified Minnesota Mutual of this fact in August 1992 because of a separate disability policy he had with it. Minnesota Mutual made payments on the disability policy, but initiated a review of the life insurance policy for contestability. It waited for six months before it assigned an employee to investigate the matter. On September 13, 1993 Minnesota Mutual obtained records from Kaiser Foundation Hospital that indicated that Paul Preston had a visit to Dr. Goldstein in 1990 that had not been reported on the application form. The doctor's records indicated Paul Preston had elevated liver enzymes.
 
 
 9
 Paul Preston died on October 5, 1993. Minnesota Mutual took over a year in investigating and did not rescind the policy until after Paul Preston's death. Thus Paul Preston, himself, had no opportunity to respond to the carrier's assertions or to state whether this visit to Dr. Goldstein was knowingly concealed, simply forgotten, or that he misunderstood the significance of the visit. The testimony of Dr. Goldstein was that he had no independent recollection of either a visit from Paul Preston or of Paul Preston himself. He testified that, from a review of his records, it is likely he told Preston that his blood studies were "slightly abnormal."
 
 
 10
 We conclude that there are genuine issues of material fact to be resolved in a trial as to whether Paul Preston's non-disclosure of his visit to Dr. Goldstein was a knowing concealment of material information. We therefore reverse the summary judgment.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3